J-S84044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY CEDENO | : | |
| | : | |
| Appellant | : | No. 1088 MDA 2017 |

Appeal from the PCRA Order June 9, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001060-2015

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 02, 2018**

Anthony Cedeno appeals, *pro se*, from the order entered June 9, 2017, in the Berks County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Cedeno seeks relief from the judgment of sentence, imposed August 31, 2015, of an aggregate term of 15 months to six years' incarceration, and a concurrent term of seven years' probation, after he entered an open guilty plea to charges of retail theft, criminal conspiracy, and possession of drug paraphernalia.[2]  On appeal, he challenges the ineffectiveness of prior counsel for allowing a plea agreement to expire.  For the reasons below, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 3929(a)(1) and 903, and 35 P.S. § 780-113(a)(32), respectively.

The facts underlying Cedeno's convictions were summarized by the PCRA court as follows:

On January 29, 2015, [Cedeno] and an [a]ccomplice walked into a Target store in Spring Township, PA. While the [a]ccomplice talked with a Target employee, [Cedeno] went to the section that contained graphing calculators, took one, and placed it in his jacket. The graphing calculator has a value of $129.99. [Cedeno] and [a]ccomplice then met up and walked out of the store together, proceeding past all points of sale.

Target's Los Prevention team became aware of the theft and called the [p]olice who investigated the theft. [Cedeno] and [a]ccomplice were described to the [p]olice as well as the vehicle in which they left the scene. The [p]olice located the vehicle shortly thereafter. [Cedeno] was driving the car, and in the car on the floor the [p]olice found a graphing calculator still in its packaging. At the stop, the [p]olice asked [Cedeno] if he had any sharp objects or weapons on his person and [Cedeno] stated that he had a hypodermic needle near his foot. The [p]olice conducted a search of [Cedeno] and found a capped hypodermic needle in his right sock. [Cedeno] was taken into custody. Target's surveillance video of the incident was given to the [p]olice.

PCRA Court Opinion, 8/29/2017, at 3.

On August 31, 2015, Cedeno entered a guilty plea to the aforementioned charges. That same day, the court sentenced him to a term of 15 months to six years' incarceration for retail theft,[3] a concurrent term of seven years' probation for conspiracy, and a concurrent term of one-year probation for possession of paraphernalia. Cedeno filed a timely post-sentence motion seeking to modify his sentence and withdraw his plea. The trial court denied

_____

[3] Retail theft is graded as a first-degree felony when it is the defendant's third or subsequent offense. 18 Pa.C.S. § 3929(b)(1)(iv). Cedeno had four prior retail theft convictions. *See* N.T., 10/16/2015, at 10.

- 2 -

the motion on September 11, 2015. Cedeno's judgment of sentence was affirmed on direct appeal. ***See Commonwealth v. Cedeno***, 145 A.3d 774 (Pa. Super. 2016) (unpublished memorandum).

On April 20, 2016, Cedeno filed a timely, *pro se* PCRA petition, in which he asserted claims concerning the ineffective assistance of plea counsel, and in particular, insisted that he requested counsel accept a prior plea offer from the Commonwealth which would have provided a more favorable sentence. ***See*** Motion for Post Conviction Collateral Relief, 4/20/2016, unnumbered addendum at 2-3. Counsel was promptly appointed, and after receiving several extensions of time, filed a petition to withdraw and ***Turner***/***Finley***[4] "no merit" letter on February 8, 2017. Thereafter, on May 16, 2017, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907, and entered an order granting PCRA counsel's petition to withdraw. Cedeno submitted a *pro se* response to the court's Rule 907 notice, asserting PCRA counsel's ineffectiveness for failing to properly litigate his claim. However, on June 9, 2017, the PCRA court dismissed Cedeno's petition. This timely appeal followed.[5]

---

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Cedeno filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal the same day as his notice of appeal.

Our review of an order denying PCRA relief is well-settled:

This Court reviews a PCRA court's decision in the light most favorable to the prevailing party. *Commonwealth v. Hanible*, 612 Pa. 183, 30 A.3d 426, 438 (2011). Our review is limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusions are free from error. *Id.* "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." *Commonwealth v. Treiber*, ___ Pa. ___, 121 A.3d 435, 444 (2015) (citing *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297, 301 (2011)). We review the PCRA court's legal conclusions de novo. *Commonwealth v. Roney*, 622 Pa. 1, 79 A.3d 595, 603 (2013).

*Commonwealth v. Williams*, 141 A.3d 440, 452 (Pa. 2016). Furthermore, where, as here, the defendant alleges counsel rendered ineffective assistance, we note:

"In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Commonwealth v. Payne*, 794 A.2d 902, 905 (Pa. Super. 2002), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. *Id.* at 906. "Counsel cannot be found ineffective for failure to assert a baseless claim." *Id.*

To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him. *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003).

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). "To demonstrate prejudice, a petitioner must show that there is a reasonable

probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015).

The issue on appeal involves a layered claim of ineffectiveness. Specifically, Cedeno argues PCRA counsel was ineffective for failing to request an evidentiary hearing to "develop factual support" for his contention that plea counsel was ineffective for failing to accept an earlier, more favorable, plea offer from the Commonwealth.[6]  Cedeno's Brief at 7.  He further asserts  PCRA counsel's "no merit" letter was based on an "erroneous fact," that is, that Cedeno "failed to inform his plea counsel that he wanted to accept the Commonwealth's offer."  Cedeno's Brief at 10.  Rather, Cedeno insists he did ask plea counsel to accept the earlier agreement.  ***See id.*** at 11.

Cedeno's claim is based on the following facts, which he readily acknowledges are not of record due to the lack of a PCRA hearing:

> On August 25, 2015, [plea] counsel had a video conference with Cedeno from the Berks County Prison.  Counsel informed Cedeno that the Commonwealth offered him a 1 to 5 year prison sentence for a guilty plea to the retail theft charge.  The offer did not include any special probation and the remaining charges were to be dropped.
>
> Cedeno informed his plea counsel that he wanted to accept the Commonwealth's offer.  Counsel acknowledged that Cedeno wanted to accept the offer.  Counsel further discussed how he would also try to reduce the 5-year maximum to 3 years.  Counsel then informed Cedeno that Cedeno would be transported to the

---

[6] Cedeno properly preserved this claim in his response to the PCRA court's Rule 907 notice of dismissal.  ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1186 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

Berks County Courthouse to accept the Commonwealth's offer on August 27, 2015.

On the morning of August 27, 2015, Cedeno was shackled by the Berks County Sheriffs and put into a holding cell at the prison. Soon after, he was unshackled and told by the correctional officers to return to his housing unit. He was told that his hearing was postponed until 1:00 p.m. He was never transported to the courthouse on August 27th.

Cedeno had no contact with his plea counsel until he was transported to the courthouse on August 31, 2015. Cedeno asked counsel about the plea agreement. Counsel informed him that he could no longer accept the offer. Counsel also had the district attorney inform Cedeno that the offer was no longer available. Cedeno entered an open guilty plea and received a 15 month to 6-year sentence of incarceration with 7 years special probation.

Cedeno's Brief at 9-10. Accordingly, Cedeno argues plea counsel's ineffectiveness caused [him] to lose his opportunity to accept the Commonwealth plea offer." *Id.* at 10. He insists plea counsel should have either (1) insured he was brought to the courthouse on August 27th to accept the plea, (2) accepted the plea on his behalf, or (3) insured the offer remained "on the table in Cedeno's absence." *Id.*

When considering a layered ineffectiveness claim, we must bear in mind:

[T]he critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (quotation omitted), *appeal denied*, 64 A.3d 631 (Pa. 2013). Moreover, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea

- 6 -

will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1272 (Pa. 2014) (quotation omitted).

Here, the PCRA court concluded, "it is clear from the record that [Cedeno] entered a voluntary and knowing guilty plea." Order and Notice of Intent to Dismiss, 5/16/2017, at 4. Our review of the transcript from Cedeno's August 31, 2015, guilty plea hearing supports the court's finding. Despite his present claim that counsel ignored his request to accept the earlier plea offer, Cedeno made no mention of this during the August 31, 2015, plea colloquy. Rather, he specifically stated he was satisfied with the services he received from his attorney. **See** N.T., 8/31/2015, at 5. **See also** Statement Accompanying Defendant's Request to Enter a Guilty Plea, 8/31/2015, at 3 (indicating "[n]o one has forced [him] to plead guilty" and he is "satisfied with the services of [his] attorney").

It is well-established that "[a] defendant is bound by the statements made during the plea colloquy, and [] may not later offer reasons for withdrawing the plea that contradict statements made when he pled." **Commonwealth v. Brown**, 48 A.3d 1275, 1277–1278 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013). Whether or not plea counsel allowed an earlier plea offer to lapse is irrelevant to the question of whether Cedeno's August 31, 2015, guilty plea was voluntarily entered. The record supports the PCRA court's finding that it was. Therefore, Cedeno's claim regarding plea counsel's ineffectiveness fails. Furthermore, because Cedeno has not

established plea counsel rendered ineffective assistance, his layered claim that PCRA counsel was ineffective for neglecting to adequately address this issue also fails.  **See Rykard**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/2/2018